*Kennon, J.
An information was filed in the probate court against Parker, charging him with a violation of the liquor law. Parker had been recognized by a justice of the peace to appear before the probate court upon an affidavit, the substance of which is as follows, viz.: That on August 19, 1854, at Geauga county, Parker sold intoxicating liquors to one Solomon Johnson, to be drank where sold; and also that Parker, on August 25, 1854, sold intoxicating liquors to one Johnson E. Hickcox, a person in the habit of getting intoxicated; and also, that Parker was the keeper of a tavern where intoxicating liquors were sold contrary to the law.
The information contained three counts. The jury found Parker guilty on the first and third counts, and he was sentenced by the probate court to a fine and imprisonment. .
The first count charged Parker with selling intoxicating-liquors *565 4o Solomon Johnson, to be drank where sold, the same not being wine, beer, ale, or cider, etc.
The third count charged him with selling intoxicating liquors to Johnson E. Hiekcox, a person in the habit of getting intoxicated, a fact known to Parker when he sold the liquor, etc.
On the trial of the case before the probate court, it appeared in evidence that the liquor had been sold by a son of Parker, while Parker was sick in another part of the house; but the sale was in the house, and at the bar of Parker’s tavern.
The court charged the jury, that proof of the fact that the liquor had been so sold, was prima facie evidence that the son, in the sale of the liquor, was acting as the agent of Parker, his father.
The three principal errors assigned for reversing the judgment of the probate court are—
1. That the affidavit did not charge Parker with any offense against the law, or lay any foundation for proceeding in the probate court against him, because it did not allege that Parker knew Hick-cox was a person in the habit of getting intoxicated.
*2. That the information should have alleged that the liquor was sold by Parker’s son, as the agent of Parker, and not aver that it was sold by Parker; that there was a variance between the allegation in the information and the proof.
3. That the court erred in charging the jury, that if they found that the son of Parker sold the liquor at Parker’s bar, in the absence of Parker, it would be prima facie evidence that the son acted as agent of his father in the sale.
The opinion of the court upon these three points is—
1. That the affidavit was sufficient for the purpose of arresting, recognizing to appear, and charging Parker, by information in the ■probate court, with “selling intoxicating liquors to Johnson Hick-cox, a pereon in the habit of getting intoxicated, and that Parker knew such habit.” That the affidavit does not require the same ■strictness as an information or indictment, and that-the information charged Parker with an offense not different from that set out in the affidavit.
2, That the proof that the liquor was sold by the son, as agent of Parker, was proper evidence, under an information charging Parker himself with making the sale. The rule that what a person does by another he does himself, applies to this case. There are no accessories. In these minor offenses all are principals.
*566 3. That the court erred in charging tbe jury, that the mere fact that the son sold tbe liquor at bis father’s bar, was prima facie evidence that be sold it at tbe request, or by tbe authority, of bis father —prima facie evidence being sufficient to establish a fact unless rebutted.
For this error tbe judgment of tbe probate court is reversed.